| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WRIGHT WING INVESTMENTS, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 11-30573 |
| | ) | |

## MOTION TO INCUR POST-PETITION FINANCING PURSUANT TO SECTIONS 105, 364, AND 503 OF THE BANKRUPTCY CODE

Comes the Debtor, Wright Wing Investments, Inc. (the "Debtor"), by counsel, and respectfully requests that the Court enter an order pursuant to sections 105(a), 364(a), and 503(b) 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2002, 4001(c) and 9014 (the "Bankruptcy Rules") authorizing the Debtor to incur post-petition financing on an administrative expense basis (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

### Introduction

1.      On the date hereof, (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its property and operate its business pursuant to §§ 1107(a) and 1108.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The statutory predicates for the relief requested are Sections 105, 503 and 1146 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9008 and 9014 of the Bankruptcy Rules.

## **Background**

4.      The Debtor operates a restaurant in the Fern Creek neighborhood of Louisville, Kentucky. As of the Petition Date, the Debtor is a franchisee of Buffalo Wings and Rings, LLC. The Debtor currently employs 20 individuals.

5.      On February 7, 2011, the Debtor ceased operations in anticipation of this bankruptcy filing. The Debtor is rebranding itself from a Buffalo Wings and Rings restaurant to a T Bone'z Southwestern Grill and Saloon.

6.      As a result, the Debtor requires financing to perform minor renovations to its restaurant, retrain employees, and meet expenses without incoming revenue. Ramiro Gandara, William Routh, and Barbara Routh (The "DIP Lenders") have agreed to loan Debtor a total of thirty thousand dollars ($30,000.00) to meet its obligations (the "DIP Financing"). As a condition of the DIP Financing, the DIP Lenders have requested that the DIP financing be on an unsecured administrative priority basis.

7.      An immediate need exists for the Debtor to obtain financing in order to preserve the value of its business and assets as debtor-in-possession under Chapter 11 of the Bankruptcy Code and to minimize the disruption of the Debtor as a going concern. The relief sought in the Motion is necessary to avoid immediate and irreparable harm and injury to the Debtor's estate.

8.      Without the support of the DIP Financing, Debtor is not able to sustain its current operations due to ongoing cash needs.

## **RELIEF REQUESTED**

9.      By this Motion, the Debtor requests the entry of an order (the "Order") authorizing the Debtor to obtain post-petition DIP Financing.

## APPROVAL OF THE POST-PETITION LENDING FACILITY IS WARRANTED UNDER THE CIRCUMSTANCES

10.     The Debtor submits that ample justification exists for the approval of the proposed DIP Financing under section 503(b) of the Bankruptcy Code. An immediate and critical need existed for the Debtors to obtain funds from the DIP Lenders in order to continue the operation of the Facilities.

11.     Without the DIP Financing, the Debtor will not be able to assure the continued operation of the Debtor's business in a manner that will avoid irreparable harm to the Debtor and its estate. The ability of the Debtor to finance the its operations and the availability to the Debtor of sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations are necessary to the confidence of the vendors and employees and to the preservation and maintenance of the going concern value of the Debtor's estate. For these reasons, access to credit under the DIP Financing is critical to the Debtor's operation and necessary to preserve the assets of the Debtor's estate for the benefit of its creditors.

12.     Furthermore, the Debtor submits that this Court should defer to the Debtor's business judgment which led the Debtor to determine that the terms of the DIP Financing are reasonable under the circumstances and should be approved by this Court. Bankruptcy courts routinely defer to a debtor's business judgment on most business decisions, including the decision to borrow money. *See Group of Institutional Investors v. Chicago Mil. St. P. & Pac. Ry.*, 318 U.S. 523, 550 (1943); *In re Simasko Prod. Co.*, 47 B.R. 444, 449 (D. Cob. 1985*)* ("Business judgments should be left to the board room and not to this Court."); *In re Lifeguard Indus.. Inc.*, 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) (same); *In re Hamilton Square Associates*, No. 91-14720S, 1992 WL 98294, at *1 (Bankr. E.D.Pa. May *5* 1992) (holding that a "debtor in possession's business judgement must be accepted if reasonable."). As one court has noted, "[m]ore exacting scrutiny would slow the administration

of the debtor's estate and increase its costs, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311(5th Cir. 1985).

13.     In general, a bankruptcy court should defer to a debtor-in-possession's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. *See In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845*,* 849 (Bankr. W.D. Pa. 1987) (holding that "the court should not interfere with or second-guess the debtor's sound business judgement unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion."); *See also In re Curlew Valley Assocs.*, 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second-guess a debtor-in-possession's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." *Curlew Valley,* 14 B.R. at 513-14 (footnotes omitted); *In re Lynx Transport, Inc.,* No. 98-36433DAS, 1999 WL 615366, at *3 (Bankr. E.D.Pa. Aug. 11, 1999) (holding that "a debtor- in-possession (DIP) is authorized to make its own independent business judgements.").

14.     The terms and conditions of the DIP Financing were negotiated in good faith and at arms length by the DIP Lenders and the Debtor and, accordingly, the Debtor believes that any credit extended and loans made to the Debtor under the DIP Financing should be deemed to have been extended in good faith, within the meaning of section 364(e) of the Bankruptcy Code.

## CONCLUSION

15.     The Debtor has exercised sound business judgment in determining that the DIP Loan is appropriate and has satisfied the legal prerequisites to borrow under the DIP Financing. The terms of the DIP Financing are fair and reasonable and are in the best interests of the Debtor's estates. Accordingly, the Debtor requests the Court grant authority to enter into the DIP Financing and to

borrow funds from the DIP Lenders on the administrative basis described above, pursuant to section 364(c) of the Bankruptcy Code, and take the other actions contemplated and requested herein.

      **WHEREFORE,** the Debtor respectfully requests that this Court enter the Order pursuant to sections 105(a) and 503(b) of title 11 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001(c), and 9014 authorizing the Debtor to incur post-petition financing on an administrative expense basis on the terms described in this Motion and the Order and grant such other and further relief as the Court deems just and proper.

      Respectfully submitted,


/s/ David M. Cantor
DAVID M. CANTOR
SEILLER WATERMAN LLC
Meidinger Tower - 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

      It is hereby certified that on February 9, 2011, true and correct copies of the foregoing Motion to Use Cash Collateral and tendered Order were served by U.S. Mail to the United States Trustee for the Western District of Kentucky, all Secured Creditors of the Debtor and the Debtor's 20 Largest Unsecured Creditors as designated in the Debtor's Petition.


/s/ David M. Cantor
DAVID M. CANTOR

G:\doc\DMC\WRIGHT WINGS INVESTMENT, INC\pldgs\Mot Borrow.wpd